IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BABATUNDE ASIMI, | § | |
| TDCJ-CID No.1103964, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-3647 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Babatunde Asimi, a state inmate, seeks habeas relief from state court convictions in the 262nd District Court of Harris County, Texas. (Docket Entries No1, No.2). Pursuant to pleas of guilty, petitioner was convicted on April 18, 2002, of engaging in organized crime in cause number 902930, for which he received an eighteen year sentence, and of aggregate theft in cause number 892430, for which he received a ten year sentence. (Information obtained telephonically from Deputy Clerk of Harris County District Courts)  For the reasons to follow, the Court will deny petitioner federal habeas relief.

### Engaging in Organized Crime

Petitioner's first federal habeas petition, challenging his conviction for engaging in organized crime in cause number 902930 was dismissed as time-barred. *Asimi v. Dretke*, Civil Action No.H-04-2820 (S.D. Tex. Feb. 10, 2005). In the pending petition, petitioner again seeks relief on his conviction for engaging in organized crime. (Docket Entries No.1, No.2).

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an

earlier petition, or otherwise constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *compare Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 n.6 (2005). Thus, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

From the face of this petition and court records, of which this court takes judicial notice, it is apparent that petitioner's claims regarding his conviction for engaging in organized crime in cause number 902930 is a successive and that petitioner has not sought or received authorization from the Fifth Circuit Court of Appeals to pursue such claims in this Court. *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider these claims. *Id.*; *Hooker*, 187 F.3d at 681-82.

Accordingly, this action will be dismissed without prejudice to seeking authorization from the court of appeals to proceed in this Court with respect to claims regarding the conviction for engaged in organized crime in cause number 902930.

## Aggregate Theft

Petitioner also seeks federal habeas relief on his aggregate theft conviction in cause number 892430, but such relief is barred by the governing statute of limitations.

On April 18, 2002, petitioner was convicted, upon a plea of guilty, of aggregate theft and sentenced to ten years confinement in TDCJ-CID. (Docket Entries No.1, No.2). Petitioner did not file a motion for new trial or a notice of appeal from the conviction. Thus, under Rule 26.2(a)(1)

of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about May 19, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

On November 24, 2004, petitioner filed a state habeas application, challenging his conviction in cause number 892430. The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on April 17, 2005. (Docket Entry No.2).

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court in October of 2005. Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the grounds that he was not properly admonished on the proper range of punishment and the consequences of his plea, the jury waivers were factually insufficient to support the convictions, he has been subjected to double jeopardy, and his indictment was fundamentally defective. (Docket Entries No.1, No.2).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about May 19, 2002, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. See TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on May 19, 2003. Petitioner's pending federal habeas corpus petition challenging his conviction in cause number 892430, filed in October of 2005, is therefore untimely. Because petitioner's state application for habeas corpus relief was not filed until November of 2004, after the expiration of the May 19, 2002 deadline, the tolling provisions found in § 2244(d)(2) do not apply.

*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition with respect to his claims in cause number 892430 is barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

## Certificate of Appealability

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For this reason, this court finds that a certificate of appealability should not issue in this case.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's habeas claims with respect to his conviction in cause number 902930 are DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this Court with respect to such claims.

2. Petitioner's habeas claims with respect to his conviction in cause number 892430 are DISMISSED with prejudice as time-barred.

3. A certificate of appealability is DENIED.

SIGNED at Houston, Texas, on December 21, 2005.

*signature*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE